# In the United States Court of Federal Claims

No. 19-1948 T
(Filed: February 26, 2021)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *
                                   *
STEPHEN E. BERRYMAN,               *
                                   *
                Plaintiff,         *
                                   *
        v.                         *
                                   *
THE UNITED STATES,                 *
                                   *
                Defendant.         *
                                   *
* * * * * * * * * * * * * * * * * *
```

*Stephen E. Berryman*, *pro se*, of Lewisville, Texas.

*Margaret E. Sheer*, Trial Attorney, Court of Federal Claims Section, Tax Division, Department of Justice, with whom were, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, all of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

      Plaintiff Stephen E. Berryman, proceeding *pro se*, filed a Complaint with this Court alleging he "never received a Statutory Notice of Deficiency or a Statutory Notice of Determination for the years 1992-2017." Complaint ¶ 3, ECF No. 1 ("Compl."). To support his claim, Plaintiff attached an Order of Dismissal for Lack of Jurisdiction from the United States Tax Court. *See* Compl., Ex. A. Plaintiff seeks from the Court an award of $3,000,000, which he does not specify as representing either a tax refund claim or damages (or both). Compl. ¶ 4.

      Before the Court is the government's motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss, ECF No. 6. The motion has been fully briefed.[1] As explained below, Plaintiff fails to allege a claim that falls within this Court's jurisdiction. Accordingly, the government's motion to dismiss is **GRANTED**.

---

[1] The briefing in this matter is as follows: government's motion to dismiss (ECF No. 6); Plaintiff's response (ECF No. 9); government's reply (ECF No. 10); and Plaintiff's sur-reply (ECF No. 11, Ex. 2).

## BACKGROUND

On December 23, 2019, Plaintiff (identifying himself as "an Appellant") filed a Complaint with this Court alleging that he "never received a Statutory Notice of Deficiency or a Statutory Notice of Determination for the years 1992-2017."[2] Compl. ¶ 3.  Plaintiff used identical language in his statement of jurisdiction.  *Id*. at ¶ 1.  For relief, he demands from the Court "an award" of $3,000,000, although it is unclear from the pleadings whether this is a claim for refund, damages, or both.  *Id*. at ¶ 4.  Aside from an instruction to "See Exhibit A: attached," the Complaint itself provides no further details about the nature of Plaintiff's claim.  Exhibit A in turn is an Order of Dismissal for Lack of Jurisdiction from the United States Tax Court, entered against petitioner Stephen E. Berryman on July 25, 2018.[3]

On February 21, 2020, the government moved to dismiss Plaintiff's Complaint pursuant to RCFC Rules 12(b)(1) and 12(b)(6).[4]  In its motion, the government asserts that Plaintiff fails to bring a proper tax refund claim within this Court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491.  Specifically, the government argues for dismissal "because 1) plaintiff has not filed an administrative claim for refund that would provide jurisdiction in this case for tax years 1992 through 1994, 1996 through 1999, 2005, 2008 through 2011, or 2013-2017; 2) plaintiff has not timely filed suit pursuant to [Internal Revenue Code] § 6532 as to tax years 1995, 2001, 2003, 2004; 3) because plaintiff has not fully paid his tax liability for tax years 2000 and 2011; and 3) [sic] plaintiff has received a refund as to tax years 1992 and 1994."  Def.'s Mot. to Dismiss at 8.  Furthermore, the government asserts that, due to the lookback period provided in 26 U.S.C. § 6511(b)(2)(A), Plaintiff fails to state a claim "as to tax years 1995 through 1999, 2001 through 2006, or 2007. . . ."  *Id*. at 10.  Finally, the government argues that the Court lacks jurisdiction over wrongful collection claims.  *Id*.

On April 2, 2020, Plaintiff responded to the government's motion to dismiss, asserting that this matter "is not about taxes" and that the government "admits lacking jurisdiction and standing in this court," is "seizing money from the Plaintiff, without following their own rules," and "admitted in U.S. Tax Court that it lacked jurisdiction to seize Plaintiff's money."[5]  ECF No. 9 at 1 ("Pl.'s Resp.").  Plaintiff's response does not otherwise address the government's jurisdictional arguments or whether his Complaint was timely filed with this Court.

---

[2] Plaintiff's Complaint is signed November 22, 2019.  It is identified in the Court's docket as filed on December 23, 2019.

[3] The Tax Court dismissed "on the ground that no notice of deficiency, as authorized by section 6212 and required by section 6213(a) of the Internal Revenue Code (I.R.C.) to form the basis for a petition to this Court, had been sent to petitioner with respect to taxable years 1992 through 2017, nor had [the Commissioner of Internal Revenue] made any other determination with respect to petitioner's tax years 1992 through 2017… that would confer jurisdiction on the Court…."  Compl., Ex. A at 1.  It also noted that the petitioner "filed a notice of no objection to the motion to dismiss."  *Id*.

[4] The government's motion to dismiss and accompanying exhibits spell out in detail Plaintiff's prior legal proceedings before the United States Tax Court, including its dismissal of July 25, 2018, as well as his various tax liabilities, withholdings, refund claims, audits, payments, levies, subsequent payments, and other relevant events for tax years 1992 through 2017, based on Account Transcripts from the IRS.  *See* Def.'s Mot. to Dismiss, Ex. A-B.

[5] On March 26, 2020, the Court received a "Motion of the Plaintiff to Dismiss the Motion of the United States to Dismiss the Complaint."  ECF No. 9.  Filed by leave of the then-presiding judge on April 2, 2020, Plaintiff's brief was appropriately docketed as a response to the government's motion to dismiss.

On April 14, 2020, the government filed its reply, arguing that "[t]o the extent plaintiff continues to argue that the [Internal Revenue Service] has acted without authorization and thus wrongfully, this Court lacks jurisdiction over claims sounding in tort, wrongful levy, or the improper imposition of a lien." Defendant's Reply, ECF No. 10 at 1 ("Reply"). It further asserts that this Court does not have jurisdiction over alleged violations of the Due Process Clause of the Fifth Amendment, "because they do not obligate the payment of money damages." *Id.* at 2. On May 18, 2020, Plaintiff filed a sur-reply, reiterating that *the United States* "lacks jurisdiction and . . . continues to illegally seize plaintiff's assets." Pl.'s Sur-Reply at 1.

## DISCUSSION

1. <u>Legal Standard</u>

Pursuant to RCFC 12(b)(1) and 12(h)(3), this Court must dismiss any claim that does not fall within its subject-matter jurisdiction. When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court must accept as true all undisputed factual allegations made by the non-moving party and draw all reasonable inferences in the light most favorable to that party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also, e.g.*, *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2004) ("In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.").

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, the Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, though, "does not, of itself, create a substantive right enforceable against the United States. . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to establish jurisdiction in this Court, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.*

"[I]n the context of tax refund suits, . . . Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a)." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citations omitted). Thus, to the extent a plaintiff seeks a refund of federal taxes that are alleged to have been "erroneously or illegally assessed or collected," the plaintiff must meet the jurisdictional threshold in 26 U.S.C. § 7422(a), which provides that a taxpayer first file a claim for a refund with the Internal Revenue Service (IRS) before bringing an action in any court. 26 U.S.C. § 7422(a); *see also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) ("[A] taxpayer must file an administrative claim with the Internal Revenue Service before filing suit against the Government."). Moreover, the "full payment" rule requires that a taxpayer pay the tax assessed by the IRS before bringing a tax refund claim in this Court. *Shore v. United States*, 9 F.3d 1524, 1525-27 (Fed. Cir. 1993). When the taxpayer "has not yet paid the assessed tax for which he seeks a refund, the trial court is without jurisdiction to

hear his claim for a refund." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Unless these jurisdictional prerequisites are met, the Court must dismiss the Plaintiff's case.

To aid its analysis of a tax refund claim, this Court has special pleading requirements set forth in RCFC 9(m). Pursuant to RCFC 9(m), for a tax refund claim, a plaintiff must provide, among other things, the amount, date, and place of each payment to be refunded, as well as a copy of the claim for refund. RCFC 9(m). "The requirements of [RCFC 9(m)] embody the jurisdictional prerequisites for maintaining such a suit in this court." *Simmons v. United States*, 127 Fed. Cl. 154, 160 (2016).

Plaintiffs proceeding *pro se* are entitled to a liberal construction of their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, all plaintiffs still bear the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

2. <u>Analysis</u>

Before the Court is the government's motion to dismiss. Viewing Plaintiff's Complaint and arguments in the light most favorable to him, and affording him leniency as a *pro se* litigant, Plaintiff has not stated a claim that is within this Court's jurisdiction.

The Court first takes Plaintiff's Complaint and subsequent filings at their word: he seeks an "award" from this Court for the IRS's alleged failure to send a notice of deficiency or notice of determination for tax years 1992 through 2017 (Compl. ¶ 3) and asserts that the IRS "continues to illegally seize [his] assets." Pl.'s Sur-Reply at 1. Inferring nothing else into these claims, the Court would be required under RCFC 12(h)(3) to dismiss Plaintiff's Complaint because it fails on its face to allege a matter within this Court's jurisdiction. The Internal Revenue Code permits taxpayers to bring lawsuits when "any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated [thereunder]" in connection with federal tax collection. 26 U.S.C. § 7433(a). However, such actions may only be brought in federal district court. *Id*. Since this Court is not a federal district court, Plaintiff cannot bring his claim of illegal seizure or collection here. *Ledford*, 297 F.3d at 1382. If he has such a claim, it belongs elsewhere.

Heeding its instruction to liberally construe *pro se* pleadings, the Court next considers Plaintiff's Complaint as a tax refund claim rather than an illegal collection claim.[6] Even still, however, Plaintiff fares no better. As an initial matter, the Court notes that Plaintiff's Complaint falls irreparably short of compliance with RCFC 9(m), which requires a plaintiff to, among other things, include a copy of his claim for refund, along with a statement identifying the amount, date, and place of each payment to be refunded, and the date and place the claim for refund was

---

[6] The Court conducted this inquiry despite Plaintiff's assertion, which could otherwise be a fatal admission, in and of itself, that "[t]his instant matter is not about taxes." Pl.'s Resp. at 1.

filed.  RCFC 9(m).  Plaintiff's Complaint identifies none of these.  Nevertheless, the Court proceeds to its jurisdictional analysis.

26 U.S.C. § 7422 states that a taxpayer may bring an action to recover tax allegedly erroneously or illegally assessed or collected, provided that the taxpayer *first* timely files a claim for a refund *with the IRS*.  26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court. . . until a claim for refund or credit has been duly filed with the Secretary. . . ."); *see also Clintwood Elkhorn Mining Co.*, 553 U.S. at 4.  Such refund claims must be *timely* filed, in accordance with the limitations periods provided in 26 U.S.C. § 6511(a), meaning that any lawsuit challenging a denied claim for refund must be filed within two years after the denial.  26 U.S.C. § 6532(a)(1).  None of Plaintiff's pleadings provide evidence that he filed a claim for refund with the IRS; therefore, this Court is unable to verify whether the basic prerequisites for jurisdiction are met.  *Pro se* plaintiffs are entitled to leniency in their pleadings, but they nevertheless, like all plaintiffs, bear the burden of establishing subject matter jurisdiction and must do so by a preponderance of the evidence.  *See Reynolds*, 846 F.2d at 747-748.  Plaintiff fails to provide even a scintilla of evidence that his claim may be appropriately heard in this Court.

The government's motion to dismiss includes pages of IRS Account Transcripts purporting to demonstrate Plaintiff's tax liabilities and other tax-related transactions (such as penalties, levies, and overpayment transfers) carried out by the IRS in relation to tax years 1992-2017.  Def.'s Mot. to Dis., Ex. B.  While not necessary in deciding the instant matter, given Plaintiff's failure to meet his own jurisdictional burden, the Court nevertheless reviewed the documentation and generally concurs with the government's analysis.  The most recent disallowed refund claims identified in the records are each dated March 13, 2017, relating to tax years 2001, 2003, and 2004.  Pursuant to the relevant statute of limitations, Plaintiff's ability to file a complaint with this Court expired "2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of disallowance. . . ."  26 U.S.C. § 6532(a)(1).  Such notice appears to have been issued on March 13, 2017, making March 13, 2019, the last date Plaintiff could bring an action in this Court to challenge a disallowed refund claim.  Yet, he filed the instant action more than nine months later.

For other tax years in which the records indicate a refund claim may still pending, such as tax year 2000, the records also suggest Plaintiff either had unresolved tax liabilities, thus running afoul of the full payment rule (*see Ledford*, 297 F.3d at 1382 (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)), or, as with tax year 1995, the refund claim was filed with the IRS beyond the period of limitation provided by 26 U.S.C. § 6511.  The Court sees nothing else in the record that could salvage Plaintiff's claim.  Instead, and across the board, Plaintiff fails to establish this Court's jurisdiction.

As a final matter, the Court notes that Plaintiff misinterprets the meaning of the Tax Court's dismissal of his petition for lack of jurisdiction.  *See* Compl. and Compl. Ex. A.  For example, he alleges that "Defendant admitted in U.S. Tax Court that it lacked jurisdiction to seize Plaintiff's money."  Pl.'s Resp. at 1.  However, the Tax Court's conclusion that it lacked jurisdiction—or, the *authority*—to hear Plaintiff's petition does not mean the IRS itself lacked jurisdiction—or, the *authority*—to impose liens and other procedures to satisfy Plaintiff's tax

liabilities, nor does it create any independent basis for jurisdiction in this Court.  *See, e.g., Wall v. United States*, 141 Fed. Cl. 585, 597 (2019) ("The United States Tax Court's February 21, 2018 Order concluded that the Tax Court lacked jurisdiction over plaintiff's petition. . . not that the IRS lacked the ability to place liens on plaintiff's assets."); *Madey v. United States*, No. 19-CV-01607, 2020 WL 1870308, at *3 (Fed. Cl. Apr. 14, 2020) ("To the extent that Plaintiff contends that the federal government may not collect, or must refund, taxes to him because it had successfully moved to dismiss Plaintiff's petition for lack of jurisdiction in the U.S. Tax Court, his contention is meritless.").

Plaintiff has not met his burden of establishing this Court's jurisdiction over his claim, whether viewed as a tax refund or illegal collection matter.  Accordingly, Plaintiff's Complaint must be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the forgoing reasons, the Court lacks jurisdiction over Plaintiff's Complaint.  Accordingly, the government's motion to dismiss is **GRANTED**.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

                        s/ Zachary N. Somers
                        **ZACHARY N. SOMERS**
                        Judge